UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN LOPEZ, OSCAR CARLOS LOPEZ RAMIREZ and RAMONA REYES SAUCEDO, | Case No. 1:22-cv-00484<br>Hon. Robert J. Jonker<br>Mag. Judge Phillip J. Green |
| Plaintiffs, | |
| v. | |
| MASTRONARDI PRODUCE-USA, INC. and MAROA FARMS, INC., | |
| Defendants. | |

## JOINT MOTION TO APPROVE FLSA SETTLEMENT

Plaintiff Ramona Reyes Saucedo, by and through her counsel of record, the Michigan Immigrant Rights Center and Farmworker Justice, and Defendants Mastronardi Produce-USA, Inc. and Maroa Farms, Inc. (collectively "Defendants"), by and through their counsel Clark Hill PLC, hereby move this Court for an order approving the Settlement Agreement entered into between Plaintiff Reyes Saucedo and Defendants, which has been reviewed by Judge Jonker *in camera*.

This Joint Motion is made and based upon terms placed on the record during a settlement conference with this Court held on May 12, 2023, authorities set forth herein, the papers and pleadings on file, and such oral argument as the Court may entertain at the hearing of this matter.

July 21, 2023                                              Respectfully submitted,

/s/ *Adam Jeffries (w/consent)*                            /s/ *Maria Fracassa Dwyer*
MICHIGAN IMMIGRANT RIGHTS                                  CLARK HILL PLC
CENTER                                                     Maria Fracassa Dwyer (P60946)
Adam Jeffries (P69432)                                     Hannah K. Reisdorff (P80101)
Anna Hill Galendez (P78632)                                500 Woodward Avenue - Suite 3500
15 S. Washington Street, Suite 201                         Detroit, Michigan 48226
Ypsilanti, Michigan 48197                                  mdwyer@clarkhill.com
ajeffries@michiganimmigrant.org                            hreisdorff@clarkhill.com
ahill@michiganimmigrant.org                                (313) 965-8300
(734) 239-6863                                             *Attorneys for Defendants*

FARMWORKER JUSTICE
Trent R. Taylor (OR Bar No. 196045)
1126 16th Street NW, Suite LL101
Washington, D.C. 20006
ttaylor@farmworkerjustice.org
(202) 293-5420
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN LOPEZ, OSCAR CARLOS LOPEZ RAMIREZ and RAMONA REYES SAUCEDO,<br><br>    Plaintiffs,<br><br>v.<br><br>MASTRONARDI PRODUCE-USA, INC. and MAROA FARMS, INC.,<br><br>    Defendants. | Case No. 1:22-cv-00484<br>Hon. Robert J. Jonker<br>Mag. Judge Phillip J. Green |

## **BRIEF IN SUPPORT OF JOINT MOTION TO APPROVE FLSA SETTLEMENT**

Plaintiff Ramona Reyes Saucedo and Defendants Maroa Farms, Inc. and Mastronardi Produce-USA, Inc. (collectively the "Parties"), by and through their respective counsel, move this Honorable Court to approve the settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim.

### BACKGROUND

On June 1, 2022, Plaintiff Ramona Reyes Saucedo, along with Plaintiffs Benjamin Lopez and Oscar Carlos Lopez Ramirez, filed a seven-count Complaint bringing class action claims alleging violations of the federal Migrant and Seasonal Agricultural Worker Protection Act (Counts I-III) and breach of contract (Counts IV-V) against Defendants. *[ECF No. 1]*. The Complaint also contained single-Plaintiff claims by Reyes Saucedo for alleged violation of the Fair Labor Standards Act ("FLSA") and the Michigan Improved Workforce Opportunity Wage Act (Counts VI-VII) against Defendants. *[ECF No. 1]*.

Defendants timely filed their Answer and Affirmative Defenses to the Complaint denying all liability to all Plaintiffs, including that they failed to pay Plaintiff Reyes Saucedo overtime in

violation of the FLSA. *[ECF No. 7]*. On August 17, 2022, Plaintiffs filed an Amended Complaint, adding claims of assault and battery. *[ECF No. 9]*. Defendants timely responded to the Amended Complaint, again denying all liability. *[ECF No. 10]*. On September 13, 2022, the court issued its First Case Management Order in which, among other things, it declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. *[ECF No. 13]*. On May 10, 2023, Reyes Saucedo filed a Motion for Partial Summary Judgment regarding her FLSA claim. *[ECF No. 82]*. On May 12, 2023, the Parties reached a comprehensive settlement of Plaintiff Reyes Saucedo's FLSA claim.[1]

## LEGAL ARGUMENT

### I. THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE.

"'Although the Sixth Circuit has never definitively answered the question of whether court approval is required for FLSA settlement agreements,' district courts in this Circuit have generally agreed that such approval is appropriate." *Fabi v. Carter-Jones Companies, Inc.*, No. 21-11727, 2022 WL 3010887, at *1 (E.D. Mich. July 29, 2022) (quoting *Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, 965 (E.D. Mich. Mar. 3, 2021)); *see also Cruz v. Don Pancho Mkt.*, LLC, No. 1:15-CV-00698-PLM, 2016 WL 4531142, at *2 (W.D. Mich. Aug. 23, 2016) (J. Green) ("Settlement of employees' claims under the FLSA must be approved by either the Secretary of Labor or a district court."), report and recommendation adopted, No. 1:15-CV-698, 2016 WL 4505747 (W.D. Mich. Aug. 29, 2016). "If a settlement in an employee FLSA suit reflects 'a reasonable compromise over issues,' such as FLSA coverage or computation of back wages that are 'actually in dispute,' the court may approve the settlement 'in order to promote the policy of

---

[1] On September 13, 2022, Judge Jonker entered a case management order dismissing without prejudice the state law claims (Counts IV-V and VII-IX) of the Amended Complaint, including Plaintiff Reyes Saucedo's IWOWA claim. *[ECF 13]*.

encouraging settlement of litigation." *Cruz*, 2016 WL 4521142 at *2 (quoting *Gentrup v. Renovo Services, LLC*, No. 1:07cv430, 2011 WL 2532922, *2 (S.D. Ohio June 24, 2011))

To determine whether a settlement is fair and reasonable, courts consider various factors, to the extent they are relevant, including the following:(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members;[2] and (7) public interest in the settlement. *See Harter v. Green Bay Packaging Inc.,* No. 1:19-CV-745, 2020 WL 13530556, at *1–2 (W.D. Mich. Oct. 9, 2020) (citing *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015)).

The relevant factors are met in this case. First, there is no evidence of fraud or collusion in the reaching of this settlement agreement. The parties negotiated the settlement of Plaintiff Reyes Saucedo's wage and hour claim during an all-day settlement conference with Judge Phillip Green serving as the facilitator on May 12, 2023. Plaintiff was represented by counsel at the settlement conference and during the continued negotiation of the remaining terms of the settlement agreement.

Second, while the litigation of this claim in isolation is not necessarily complex, the expense and duration of litigating this claim favors settlement. This settlement agreement resolves one claim by one plaintiff in this litigation. Defendants maintain that Plaintiff Saucedo was properly classified as exempt from the overtime requirements of the FLSA under the agricultural exemption. Litigation of this issue would likely involve copious motion practice, as at the time of the settlement conference, Plaintiff had filed a partial motion for summary judgment of her claim

---

[2] As this agreement pertains to a single-plaintiff claim, factors 5 and 6 are not at issue.

and no depositions had been taken. Moreover, her claim was brought in connection with her co-Plaintiffs' class action claims, which would likely take significantly more time to resolve than her single FLSA claim. It follows that settlement of her claim is far more efficient and ultimately saves time and expense.

Third, at the time of the settlement conference, the parties had exchanged sufficient documents related to Plaintiff Saucedo's job duties, time worked, and pay received to meaningfully engage in settlement discussions.

Fourth, given the significant discovery exchanged and Plaintiff's briefing on her partial motion for summary judgment, both parties can fairly assess their relative likelihood of success on the merits. The parties agree that they all face significant litigation risk should the case proceed. Plaintiff Saucedo was not guaranteed success on her FLSA claim, as the Court could find that she was properly classified as exempt from the overtime requirements of the FLSA and at a minimum, deny her partial motion for summary judgment.

Fifth, Plaintiffs' counsel likewise views the Proposed Settlement amounts as fair and reasonable.

Sixth, any absent employees' rights are not affected by the proposed FLSA settlement. Therefore, the Court need not be concerned that any allegedly similarly situated, but absent, employee might object to approval

Finally, public interest supports the recovery of overtime pay rightfully owed to employees. As reflected in the settlement agreement, Plaintiff was able to recover not only overtime allegedly owed, but liquidated damages, as well.

Furthermore, the parties agree that the attorney fees associated with this proposed FLSA settlement are reasonable. The award of reasonable fees and costs to a prevailing plaintiff is

"mandatory" under the FLSA. *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021). Plaintiff's counsel's fees under the settlement account for only a fraction of the billable hours they reasonably spent on the FLSA overtime claim in this case, not including additional costs such as the filing fee, and travel and lodging accommodations for the settlement conference.

In sum, the settlement reflects a reasonable compromise of issues in dispute, the settlement was reached in an adversarial context in which both Parties were represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable. Given this, and as evidenced in the settlement agreement submitted for Judge Jonker's *in camera* review, the Court should approve the settlement of Plaintiff Saucedo's FLSA claim.

## II. THE SETTLEMENT AGREEMENT IS CONFIDENTIAL.

Courts have the discretion to permit the settlement of FLSA claims to remain confidential. This includes discretion to keep confidential the particular settlement amounts at issue. *See Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, 969 (E.D. Mich. 2021) (permitting settlement amounts to remain confidential where "confidentiality was seen as a lynchpin of [the parties'] bargain during negotiations, and that without it, they would have been unable to reach a mutual agreement"); see also *Kelly v. Medina Creative Hous.*, No. 1:21-CV-01452, 2022 WL 1131512, at *2 (N.D. Ohio Mar. 29, 2022) (approving confidential settlement of FLSA claim); *Piaseczny v. Friedman Management Company*, No. 20-13325, 2021 WL 5864018, at *3 (E.D. Mich. Apr. 26, 2021) (approving settlement of single-plaintiff FLSA claim requiring confidentiality where plaintiff was awarded nearly the entire value of his claim).

At the settlement conference, Defendants maintained that confidentiality was a material term of the settlement of Plaintiff Reyes Saucedo's FLSA claim. Maintaining confidentiality was

furthered by the steps the Court continued to take during the settlement conference. At the conference, the settlement amounts for Plaintiff Reyes Saucedo's wage and hour claim were placed on the record. However, Judge Green provided instruction to the parties with respect to the submission of a confidential settlement agreement, as well as instructions for how to redact portions of the settlement hearing transcript—including the settlement terms of Plaintiff Reyes Saucedo's FLSA claim—to further the confidential nature of the settlement agreement. Defendants timely requested this redaction of the record.  On June 5, 2023, the parties had a status conference with Judge Green to address the specific procedures by which to submit the confidential settlement agreement.

WHEREFORE, for the reasons stated above, the Parties respectfully request that this Court enter an Order Approving FLSA Settlement.

July 21, 2023                                                          Respectfully submitted,


/s/ *Adam Jeffries (w/consent)*            /s/ *Maria Fracassa Dwyer*
MICHIGAN IMMIGRANT RIGHTS            CLARK HILL PLC
CENTER                               Maria Fracassa Dwyer (P60946)
Adam Jeffries (P69432)               Hannah K. Reisdorff (P80101)
Anna Hill Galendez (P78632)          500 Woodward Avenue - Suite 3500
350 E. Michigan Ave., Suite 315      Detroit, Michigan 48226
Kalamazoo, MI 49007                  mdwyer@clarkhill.com
ahill@michiganimmigrant.org          hreisdorff@clarkhill.com
ajeffries@michiganimmigrant.org      (313) 965-8300
616-600-9433                         *Attorneys for Defendants*

FARMWORKER JUSTICE
Trent R. Taylor (OR Bar No. 196045)
1126 16th Street NW, Suite LL101
Washington, D.C. 20006
ttaylor@farmworkerjustice.org
(202) 293-5420
*Attorneys for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE WITH L. Civ. R. 7.2(b)(i)**

This document complies with the limitation set forth in W.D. Mich. L. Civ. R 7.3(b)(i) because the brief contains 1,493 words, excluding parts of the brief exempted by Local Rule 7.3(b)(ii) and (c).  This word count was generated using Microsoft Word for Microsoft 365.

By: */s/ Hannah K. Reisdorff*
Hannah K. Reisdorff