UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN LOPEZ et al.,

    Plaintiffs,

v.

MASTRONARDI PRODUCE-USA, INC. et al.,

    Defendants.

_____/

CASE No. 1:22-cv-484

HON. ROBERT J. JONKER

## PRELIMINARY APPROVAL ORDER
## OF CLASS ACTION SETTLEMENT

This matter comes before the Court on the Joint Motion for Preliminary Approval of the Class Action Settlement Agreement. (ECF No. 103). Plaintiffs are migrant and seasonal agricultural workers who worked in Defendants' greenhouses in Coldwater, Michigan between June 1, 2019, and the present. Relevant here is Plaintiffs' Rule 23 class action under the Migrant and Seasonable Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801-1872. Plaintiffs principally allege that Defendants violated the AWPA by providing false and misleading information about bonus pay and by failing to protect Plaintiffs from pesticides, failing to pay wages and bonuses when due, and failing to provide written disclosures about employment conditions. The parties agreed on the terms of the Proposed Settlement after a lengthy settlement conference with the Honorable Phillip J. Green, United States Magistrate Judge for the Western District of Michigan, on May 12, 2023. The Court conducted a hearing on the Proposed Settlement on August 9, 2023, during which the parties agreed to a minor modification to the proposed class definition

and provided additional explanation for some specific provisions in the Proposed Settlement. Based on the joint motion of the parties and all other matters of record, and for the reasons summarized in open court and now detailed here, the Court finds and orders:

1. **Class Certification.** While slightly different than the class definition in the Settlement Agreement, the Court certifies the following class for settlement purposes, as agreed-upon by the parties at the August 9, 2023, preliminary approval hearing:

> All non-H2A, migrant and seasonal crop care workers who worked at Maroa Farms, Inc., 270 N. Fillmore Road, Coldwater, MI at any time during the period from June 1, 2019, through August 14, 2023.

The Court finds that the requirements of Rules 23(a) and (b)(3) are satisfied by the modified proposed class definition. Under Rule 23(a), Plaintiffs must demonstrate that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims are typical of the claims or defenses of the class; and (4) the representative parties—which includes both the named Plaintiffs and their counsel—will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a); *see Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555, 565 (E.D. Mich. 2009) (explaining adequacy prong involves two-part inquiry into named Plaintiffs and their counsel); *see also* FED. R. CIV. P. 23(g) (specifying standard for class counsel). Here, the putative class numbers over 1,000 migrant and seasonal workers (satisfying numerosity); the Plaintiffs' claims hinge on whether Defendants had uniform pesticide, pay, and written disclosure policies that violated the AWPA (satisfying commonality); the named Plaintiffs' claims arise out of these alleged uniform policies and the named Plaintiffs assert claims identical to those of the class as a whole (satisfying typicality and adequacy of named Plaintiffs); and Plaintiffs' counsel has qualifying experience in litigating labor and

2

employment actions on behalf of immigrant, migrant, and seasonal workers (satisfying adequacy of class counsel).

Rule 23(b)(3)'s predominance and superiority requirements are also met. *See* FED. R. CIV. P. 23(b)(3) (class certification appropriate under (b)(3) only if "questions of law or fact common to class members predominate" and "a class action is superior to other methods for fairly and efficiently adjudicating the controversy"). Here, Plaintiffs' claim is grounded entirely on Defendants' policies regarding pesticides, pay, and written disclosures, and Defendants do not dispute for purposes of the Settlement Agreement that these policies apply to all class members. Thus, the class members' claims rise and fall on the common questions of whether these policies violated the AWPA, satisfying the predominance requirement. *See, e.g.*, *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) ("The predominance requirement is met if [a] common question is at the heart of the litigation."). Furthermore, because of the peripatetic and indigent nature of the migrant and seasonal workers who make up the class, as well as the comparatively small potential recovery for any individual claimant, a class action is the superior method of adjudicating Plaintiffs' AWPA claims.

2. **<u>Preliminary Approval</u>**. Having certified a class for settlement purposes, the Court preliminarily approves the Settlement Agreement and the settlement it embodies as fair, reasonable, and adequate. *See* FED. R. CIV. P. 23(e); *Int'l Union, UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (outlining factors for Rule 23(e) inquiry). The fundamental elements of the Settlement Agreement reflect the complexity of this AWPA action involving geographically-dispersed migrant and seasonal workers and multiple policies of Defendants, and the key terms of the Agreement reasonably reflect the

potential risks and rewards that would accompany pursuing this litigation to trial. The Court also finds no reason to doubt that the parties reached the proposed settlement in good faith; there is no indication of fraud or collusion on this record. Plaintiffs are represented by able and experienced counsel who regularly represent similarly-situated individuals in labor and employment actions. The proposed economic terms appear fair to the class, particularly considering that Plaintiffs' counsel is not seeking or receiving any attorney's fees. The proposed service award for the named Plaintiffs also appears to reflect a fair and proportionate payment for the substantial work performed by them in this case. The public interest is also served by settlement.

3. **Settlement Definitions.** This Order incorporates by reference the definitions in the Settlement Agreement and defined terms have the same meaning in this Order as in the Settlement Agreement.

4. **Class Representatives, Class Counsel, and Settlement Administrator.** For purposes of implementing the Settlement, named Plaintiffs Ramona Reyes Saucedo, Benjamin Lopez, and Oscar Carlos Lopez Ramirez are appointed Class Representatives; and Anna Hill Galendez and Adam Jeffries of the Michigan Immigrant Rights Center are appointed as counsel for the Settlement Class ("Class Counsel"). Furthermore, the Court approves Rust Consulting, Inc. as the Settlement Administrator. In appointing class counsel, the Court has considered the factors and standards specified in Rule 23(g).

5. **Termination.** If the Settlement Agreement terminates by its terms, or if the Court fails to approve the Settlement Agreement for any reason, nothing in this Order shall prevent a return of the parties to the litigation status in effect immediately prior to the execution of the Settlement Agreement. In that event, the terms and provisions of the

Settlement Agreement will have no further force and effect, and neither party may use the agreement in this or any other action for any purpose.

6.      **Notice to Class.**   The Court approves the proposed "Notice of Proposed Class Action Settlement" based on the parties' proposal (ECF No. 103-3, PageID.1991-1997) as modified to reflect changes agreed upon during the preliminary fairness hearing. Class Counsel shall update the approved Notice to incorporate the agreed-upon changes to the class definition, as listed in paragraph one of this Order.

The Court finds that the timing, content and logistics of distribution of the Notice described in the parties' proposal meets the requirements of constitutional due process and FED. R. CIV. P. 23(e) and that such Notice is the best practicable under the circumstances and shall constitute sufficient notice to all persons entitled to it.  The Court further finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make informed decisions as to the Class, the right to object or to opt out, and the proposed settlement and its terms.  No further notices to the Class Members are required except as described in this Order and the Settlement Agreement, but this does not prevent the parties from providing additional notice by mutual agreement.

**No later than fourteen (14) days before the Fairness Hearing**, Class Counsel or their designee shall file an affidavit with the Court detailing the steps taken to provide notice to the class members in this case, confirming that the steps satisfied the minimum requirements provided in this Order and the Settlement Agreement, and certifying that required CAFA notice was sent as required by law at least 90 days before the Fairness Hearing

7. **Claim Form.** The Court approves the proposed Claim Form that will be mailed along with a copy of the Notice and Claim Exclusion Request Form to the Class Members. Class Counsel shall update the Claim Form to include the phone number, physical address, email address, and fax number for the Settlement Administrator. The Court also approves the proposed timeline mechanics in the Settlement Agreement for return of the Claim Form by Class Members. Any Class Member who fails to submit a timely claim will not be entitled to benefits under the Settlement.

8. **Claim Exclusion Request Form ("Opt-Out Form").** The Court approves the proposed Claim Exclusion Request Form that will be mailed along with a copy of the Notice and the Claim Form to the Class Members. Class Counsel shall update the Claim Exclusion Request Form to include the phone number, physical address, email address, and fax number for the Settlement Administrator. The Court also approves the proposed timeline mechanics in the Settlement Agreement for return of the Claim Exclusion Request Form by Class Members.

Class Counsel shall file with the Court and serve a copy upon Defendants' Counsel of all timely and valid requests for exclusion or a list identifying those who submitted timely and valid requests for exclusion **no later than fourteen (14) days** before the Fairness Hearing.

All Class Members who do not timely and properly elect to exclude themselves from the Settlement Agreement will be bound by the Settlement Agreement.

9. **Fairness Hearing.** The Fairness Hearing shall be held on **Tuesday, March 4, 2024, at 2:00 p.m.**, at 399 Federal Building, 110 Michigan St. NW, Grand Rapids, Michigan, courtroom 699, before the undersigned to determine whether the proposed

Settlement is fair, reasonable, and adequate and should be approved.  The parties' briefs and supporting papers in support of the proposed settlement shall be filed **not later than fourteen (14) days before the Fairness Hearing**.  The parties shall include the Settlement Administrator's estimated Settlement Administration Costs, as described in the Settlement Agreement.  The Fairness Hearing described in this paragraph may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Class Members except to those Class Members who file timely objections to the Settlement.  After the Fairness Hearing, the Court may enter a Settlement Approval Order and Final Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Class Members.

Any Class Member who is not excluded from the Class and who objects to the approval of the proposed Settlement may appear at the Fairness Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate.

10.   **Objections.**  Objections to the Settlement Agreement or any petition to intervene in the Action may be heard only if the objection is in writing.  Written objections must be mailed to the Settlement Administrator at the address provided in the Notice or filed with the Court, with a copy to Class Counsel at the address provided in the Notice.  Objections must be postmarked **no later than November 30, 2023 (the Response Deadline)**.  Objections must state (1) the Class Member's full name and address; (2) the name of this case and case number; (3) the factual and legal grounds for the Class Member's objection; (4) whether the Class Member intends to appear at the Final Fairness Hearing on his or her own behalf or through counsel; and (5) the names, addresses and

phone numbers of all witnesses whom the Class Member or the Class Member's attorney intends to call at the Final Fairness Hearing. The formal objection or letter must be accompanied by any evidence the Class Member wishes to introduce to support the objection.

No Class Member shall be entitled to be heard and no objection shall be considered unless these requirements are satisfied. Any Class Member who fails to exclude themselves from the Class or who fails to object in the manner prescribed shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in this Action.

Class Counsel shall file with the Court and serve a copy upon Defendants' Counsel of all timely and valid objections **no later than twenty-eight (28) days before the Fairness Hearing**. Class Counsel and Defendants' counsel may file a response to any such objections of no more than 15 pages in length **no later than fourteen (14) days before the Fairness Hearing**.

Neither Class Counsel, Defendants' counsel, the parties, nor their representatives may pay any compensation to any person or their attorney in exchange for withdrawal of any bona fide objection. Class Counsel is prohibited from engaging in any confidential negotiations relating to the payment of fees or compensation to any person, and no fees or compensation relating to this Settlement may be paid without written approval of the Court.

11. **<u>Stay of Litigation.</u>** All other proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with its terms. Any pending motions, other than the motion to approve the class

settlement, are dismissed as moot, subject to reinstatement if for any reason the settlement is ultimately not approved.

12. **Appearance at the Fairness Hearing.** Any Class Member who desires to enter an appearance under Rule 23(c)(2)(B)(iv) must do so **no later than November 30, 2023 (the Response Deadline)**, by filing a written notice with the Court and served on Class Counsel and Defendants' counsel at the addresses below.

        Class Counsel:      Michigan Immigrant Rights Center
                                     350 E. Michigan Ave.
                                     Suite 315
                                     Kalamazoo, MI 49007

        Defendants' Counsel: Clark Hill PLC
                                     500 Woodward Ave.
                                     Suite 3500
                                     Detroit, MI 48226

**IT IS SO ORDERED.**

Dated:   August 14, 2023              /s/ Robert J. Jonker
                                                ROBERT J. JONKER
                                                UNITED STATES DISTRICT JUDGE