UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN LOPEZ et al.,

    Plaintiffs,

v.

MASTRONARDI PRODUCE-USA, INC.
and MAROA FARMS, INC.,

    Defendants.

_____/

Case No. 1:22-cv-484

Hon. Robert J. Jonker

## FINAL APPROVAL ORDER AND JUDGMENT

This case came before the Court for a fairness hearing of the proposed class action settlement on March 4, 2024, at 2:00 p.m., in Room 699, of the United States District Court for the Western District of Michigan, 110 Michigan Street NW, Grand Rapids.  The Court gave all parties and interested persons an opportunity to be heard.  Based on the submissions of the parties, the statements of counsel, the fairness of the settlement's terms, and for the reasons stated on the record, **IT IS ORDERED THAT**:

    1.    The Court grants final approval of the Settlement Agreement, including, without limitation, the releases included in it, and finds that the settlement is in all respects fair, reasonable, adequate, and in the best interests of all those affected by it.  No timely objections were filed by class members.  Accordingly, this Final Judgment and Order binds all members of the Class who did not opt out.

    2.    The Court has jurisdiction over Plaintiffs Benjamin Lopez, Oscar Carlos Lopez Ramirez, and Ramona Reyes Saucedo (collectively, "Plaintiffs"); Defendants Mastronardi

Produce-USA, Inc. and Maroa Farms, Inc. (collectively "Defendants"); and the claims asserted in this lawsuit.

3. This Court finds that the parties entered into the Settlement Agreement in good faith, following arms-length negotiations, and that it was not collusive.

## Class Certification

4. On August 14, 2023, under Federal Rule of Civil Procedure 23, the Court entered an Amended Preliminary Approval Order of Class Action Settlement ("the Preliminary Approval Order"). (ECF No. 110).

5. The Preliminary Approval Order certified the following class for settlement purposes:

> All non-H2A, migrant and seasonal crop care workers who worked at Maroa Farms, Inc., 270 N. Fillmore Road, Coldwater, MI at any time during the period from June 1, 2019, through August 14, 2023.

6. The Preliminary Approval Order also appointed Plaintiffs as the Class Representatives and appointed attorneys Anna Hill Galendez and Adam Jeffries as class counsel. (ECF No. 110). Subsequent Orders appointed attorneys Gonzalo Peralta, Susan Reed, and Madeline Flynn as additional class counsel. (ECF Nos. 112, 132).

## Class Notice

7. Class counsel submitted the affidavit of Sara Schwermer-Sween, (ECF No. 134-3), to demonstrate that the "Notice of Class Action Lawsuit and Proposed Settlement" ("the Notice") was sent to the members of the Class as ordered in the Preliminary Approval Order. Defense counsel has also certified that notice was sent to several government agencies as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b). (ECF No. 134-2). The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Rule 23 and due

process under the United States Constitution; constituted the best notice practicable under the circumstances; and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### Objections and Opt-Outs

8. No class member has filed objections to the settlement.

9. No class member has opted out of the class.

### Class Compensation

10. Defendants agreed to place a total of $178,000 in a settlement fund ("the Settlement Fund") to pay class members claims; a $6,000 incentive award to each of the three named Plaintiffs for serving as the Class Representatives ($18,000 total); and Settlement Administration costs. Each party agreed to cover its own attorney fees and costs for the class claims in the lawsuit, and unclaimed monies in the Settlement Fund will revert back to Defendants.

11. As the Parties agreed in the Settlement Agreement, each member of the Class who submits a timely and valid Claim Form to the Settlement Administrator will receive a *pro rata* share of the Settlement Fund up to a maximum of $400.00. Within thirty (30) days of the Settlement Agreement's Effective Date, the Settlement Administrator will distribute the individual *pro rata* settlement amounts to claiming class members by check or wire services.

12. As of the date of the Fairness Hearing, 32 timely claim forms were submitted by class members. With 1,300 class members, this implies a response rate of 2.46%. While this response rate is low, it is reasonable here because of the peripatetic and indigent nature of the migrant and seasonal workers who make up the class.

### Incentive Awards, Attorney Fees, and Settlement Administration Costs

13. The Court approves and awards a $6,000 incentive award to each Plaintiff (Benjamin Lopez, Oscar Carlos Lopez Ramirez, and Ramona Reyes Saucedo) for serving as class

representatives in this matter ($18,000 total).  In accordance with the Settlement Agreement, the Settlement Administrator will pay that amount from the Settlement Fund within thirty (30) days of the Agreement's Effective Date.

14.     In accordance with the Settlement Agreement, each party will pay its own attorney fees and costs.

15.     The Settlement Administrator submitted the affidavit of Sara Schwermer-Sween, (ECF No. 143-3), to demonstrate that the estimated Settlement Administration costs are $40,000. This estimate includes the Settlement Administrator's anticipated $8,296.44 in costs to distribute the Settlement Fund.  (*Id.*).  The Court approves as reasonable the Settlement Administrator's estimate of $40,000 in costs.

16.     The Court finds the incentive payments and Settlement Administration costs reasonable for the reasons recited during the Fairness Hearing.

## **Releases and Dismissals**

17.     All claims or causes of action of any kind by Plaintiffs and all Class members against the Defendants shall be forever barred and released pursuant to the terms of the releases set forth in the Settlement Agreement.

18.     This lawsuit is dismissed with prejudice as to Plaintiffs and all members of the Class, and without attorney fees or costs.

## **Other Provisions**

19.     The Court expressly adopts and incorporates all of the terms of the Settlement Agreement, (ECF No. 143-1), by reference here.

20.     This Court retains continuing jurisdiction over this action, Plaintiffs, all Class Members, and Defendants to determine all matters relating in any way to this Final Judgment and

Order, the Preliminary Approval Order, or the Settlement Agreement, including, without limitation, their administration, implementation, interpretation, or enforcement.

21.     The Parties to the Settlement Agreement shall carry out their respective obligations under it.

22.     The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

**IT IS SO ORDERED.**


Dated:     March 4, 2024                    /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE